```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

**JEFFREY EGGER,**

        **Plaintiff,**

  **vs.**                                   **Civil Action 2:07-CV-1244**
                                               **Magistrate Judge King**

**UNUM LIFE INSURANCE COMPANY**
**OF AMERICA,**

        **Defendant.**

## OPINION AND ORDER

Plaintiff is the beneficiary under a life insurance policy issued to the decedent, plaintiff's mother. In the original complaint, filed in state court, plaintiff asserted claims of breach of contract and bad faith denial of benefits. The action was removed to this Court as one arising under federal law, 28 U.S.C. §1331. The parties now agree that the policy at issue in this case is governed by the provisions of ERISA. With the consent of the parties, 28 U.S.C. §636(c), this matter is now before the Court on defendant's motion to strike the jury demand and the bad faith claim asserted in the original complaint. *Defendant's Motion to Strike,* Doc. No. 5.

The original complaint contains a jury demand. *Complaint,* at p.1, Doc. No. 2. The law is clear that a participant asserting a claim for ERISA benefits is not entitled to trial by jury. *Wilkins v. Baptist Health Care System, Inc*., 150 F.3d 609, 616 (6th Cir. 1998). As the motion to strike relates to plaintiff's jury demand, the motion is **GRANTED.**

In the motion to strike, defendant also challenged the claim under Ohio law for bad faith. A bad faith claim arising out of the failure to pay benefits under an ERISA-qualified plan is preempted by ERISA. *Pilot Life Ins. v. Dedeaux,* 481 U.S. 41 (1987). *See also Smith*

*v. Provident Bank,* 170 F.3d 609, 612-13 (6th Cir. 1999); *Sprague v. Gen'l Motors, Inc.,* 133 F.3d 388, 406 (6th Cir. 1998); *Daniel v. Eaton Corp.,* 839 F.2d 263, 268 (6th Cir. 1988).  Since the filing of the motion to strike, however, plaintiff has filed an amended complaint that purports to assert claims only under ERISA, and defendant has not renewed its motion to strike in response to the amended complaint.  As it relates to the bad faith claim asserted in the original complaint, then, the motion to strike, Doc. No. 5, is **DENIED**  as moot.


April 3, 2008                             *s/Norah McCann King*
                                       Norah M<sup>c</sup>Cann King
                                     United States Magistrate Judge